```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

AMERITOX LTD.                     *

         Plaintiff                *

    vs.                           *   CIVIL ACTION NO. MJG-11-1722

MILLENNIUM LABORATORIES, INC.     *

         Defendant                *

*    *    *    *    *    *    *    *    *
```

<u>MEMORANDUM AND ORDER RE: TRANSFER</u>

The Court has before it Plaintiff Ameritox, Ltd.'s Motion to Transfer Venue to the Western District of Wisconsin [Document 82] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I.  <u>BACKGROUND</u>

Plaintiff Ameritox, Ltd. ("Ameritox") is the exclusive licensee of the patents-in-suit. The licensor is Marshfield Clinic ("Marshfield"), an organization located in Wisconsin without Maryland connections.

Defendant Millennium Laboratories, Inc. ("Millennium") contends that Ameritox lacks standing to pursue this case because Marshfield is a necessary and indispensable party to this lawsuit. Marshfield has not elected to join as a party plaintiff. Millennium contends that this Court cannot obtain personal jurisdiction over Marshfield. Thus, Millennium takes

the position that the case must, therefore, be dismissed due to the absence of an indispensable party. See Def.'s Letter, Sep. 10, 2013 [Document 78].

The Court finds that the instant case presents a substantial question as to whether personal jurisdiction can be obtained over Marshfield. By the instant motion, Ameritox seeks transfer of this case to the District Court of the Western District of Wisconsin, a Court that would, without doubt, be able to assert personal jurisdiction over Marshfield.

## II. LEGAL STANDARD

Title 28, U.S.C. § 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There is no doubt that the instant case might have been brought in the Western District of Wisconsin.

A district court is vested with great discretion in determining whether to grant a transfer under 28 U.S.C. § 1404. See Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002); Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 81 (4th Cir. 1967); Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

Typically, § 1404 motions are made by defendants and are opposed by plaintiffs who wish to preserve this choice of forum.

Hence, it is typically said that, on a § 1404 motion, the burden lies with the defendant to show that a transfer is in the interests of justice. Stratagene v. Parsons Behle & Latimer, 315 F. Supp. 2d 765, 771 (D. Md. 2004). And the Fourth Circuit has stated, "a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)).

In this case, the plaintiff chose the District of Maryland, but due to the contentions made by the defendant has changed its preference to the Western District of Wisconsin. There can be a debate as to which party bears the burden of persuasion on the instant motion. The Court shall assume that Ameritox must carry the burden normally imposed on a defendant in regard to the instant motion.

III. DISCUSSION

While Ameritox is assumed to have the burden of persuasion on the instant motion, it has carried that burden. Little discussion is necessary.

Millennium has shown no undue prejudice – if any at all – that would result from a transfer of the case. On the other

3

hand, Ameritox has shown that the transfer is necessary to avoid a serious and possibly dispositive jurisdictional issue.

As stated by the Fourth Circuit in Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988):

> [W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case was originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.

The Fourth Circuit has recognized that the analysis of whether a transfer is "in the interest of justice" is similar under sections 1404(a) and 1406(a). See, e.g., Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 n. 5 (4th Cir. 1993).

Millennium seeks to have the Court defer transfer until it determines whether Marshfield is an indispensable party. The Court finds it preferable to transfer the case prior to reaching that decision. By so doing, the transferee court, unquestionably able to exercise personal jurisdiction, can decide for itself whether to add Marshfield as a party in the case.

IV.  CONCLUSION

For the foregoing reasons:

1.  Plaintiff Ameritox, Ltd.'s Motion to Transfer Venue to the Western District of Wisconsin [Document 82] is GRANTED.

2.  By separate Order, the case shall be transferred to the United States District for the Western District of Wisconsin.

SO ORDERED, on November 22, 2013.

/s/
Marvin J. Garbis
United States District Judge